UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| D. DUMEBI EGBUFOR,<br><br>                    Plaintiff,<br><br>        vs.<br><br>CAROLYN BOYD, RICK CRISWELL,<br>JONATHAN HOCHWALD, ARTHUR<br>KARPATI, EMURSIVE PRODUCTIONS, LLC,<br>PDNYC, LLC<br><br>                    Defendants. | Civil Action No. 1:24-cv-09779-AS |

## **DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS**

## PRELIMINARY STATEMENT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Carolyn Boyd, Rick Criswell, Jonathan Hochwald, Arthur Karpati, Emursive Productions, LLC, and PDNYC, LLC, by and through their undersigned counsel, submit this reply memorandum of law in further support of their motion to dismiss Plaintiff D. Dumebi Egbufor's ("Plaintiff") Complaint in its entirety (the "Motion"). (ECF No. 1-1).[1]

## ARGUMENT

### I.    THE MOTION SHOULD BE GRANTED AS UNOPPOSED

As set forth in Defendants' moving brief in support of the Motion ("Moving Brief" or "M. Br.") (ECF No. 25), Plaintiff's Complaint fails to state a cause of action upon which relief may be granted. Rather than address Defendants' legal arguments, Plaintiff devotes almost the entirety of her opposition to the Motion ("Opposition") (ECF No. 34) to identifying factual statements in the Moving Brief that she deems "misstatements" and attempting to "correct" them with various additional, but immaterial, facts. (Opp. at 2-18). This effort is entirely insufficient to overcome the legal bases warranting the dismissal of her Complaint. Indeed, even a cursory review of Plaintiff's "corrections" merely affirm the accuracy of the Motion's recitation of facts (largely based on documents Plaintiff attached to her Complaint) or show how they are demonstrably false.[2] Plaintiff does not even attempt to connect her "corrections" to any of her existing claims.

---

[1] Defined terms used herein have the same meaning ascribed to them in Defendants' Moving Brief in support of the Motion (ECF No. 25).

[2] By way of example only, Plaintiff again asserts that she was "approved by the New York State Insurance Fund (NYSIF) for workers' compensation leave to begin on April 4, 2022." (Opp. at 3). In support of this assertion, Plaintiff cites to several exhibits attached to her Complaint. (ECF No. 1-2 at 173-185; ECF No. 1-9; ECF No. 1-10). However, none of these exhibits support Plaintiff's allegations. (*Id.*). In fact, the email communications Plaintiff cites demonstrate that that on April 1, 2022, Criswell informed Plaintiff that Emursive's carriers had *not* approved her for workers' compensation benefits. (ECF No. 1-2 at 182-83). Plaintiff provides no evidence to the contrary.

Other than setting forth her "corrections," Plaintiff does not address – and specifically informs the Court that she does not intend to address – any of Defendants' legal arguments as to why each of her claims should be dismissed. (Opp. at 18) ("The Defendants have raised numerous arguments, all of which fail, but Plaintiff is unable to respond specifically to them all because there are so many and is pro se."). Instead, Plaintiff provides a series of speculative and conclusory "summations," but none of which respond any of Defendants' legal positions. Because Plaintiff neglects to address any of Defendants' arguments as to why her claims ought to be dismissed, Defendants' Motion must be deemed unopposed. *See Johnson v. N.Y.C.*, No. 1:15-CV-8195-GHW, 2017 WL 2312924, at *17 (S.D.N.Y. May 26, 2017) ("By failing to address Defendants' arguments in support of dismissing this claim, it is deemed withdrawn or dismissed as abandoned"); *see also Satina v. N.Y.C.,* No. 24-CV-1842 (JGLC), 2025 WL 902893, at *3 (S.D.N.Y. Mar. 25, 2025) ("A Plaintiff cannot survive a motion to dismiss by relying on "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements"); *Mitchell v. Planned Parenthood of Greater New York, Inc.*, 745 F. Supp. 3d 68, 87 (S.D.N.Y. 2024) (internal citations omitted) (same). Therefore, each of Plaintiff's claims in the Complaint must be dismissed.

## II.     <u>LEAVE TO AMEND THE COMPLAINT SHOULD BE DENIED AS FUTILE</u>

Federal Rule of Civil Procedure 15 provides that leave to amend should be freely given, and "a pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Chavis v. Chappius,* 618 F.3d 162, 170 (2d Cir. 2010) (citations omitted). However, this principle is not without limits. Leave to amend even a *pro se* complaint may be denied when "amendment would be futile," such that "amendments would fail to cure prior deficiencies or state a claim under Rule 12(b)(6)." *Moore v. Montefiore Med. Ctr.*, No. 22-CV-10242 (ER), 2023 WL 7280476, at *8

(S.D.N.Y. Nov. 3, 2023) (granting motion to dismiss and denying leave to amend discrimination complaint against former employer when "even under the liberal standard for amending pleadings provided for *pro se* litigants, the Court finds that it would be futile to allow [plaintiff] to amend her complaint"); *Burton v. Wells Fargo Bank, N.A.*, 738 F. Supp. 3d 272, 299 (E.D.N.Y. 2024) (denying *pro se* plaintiff leave to amend complaint because amendment would be futile); *Berlin v. Jetblue Airways Corp.*, 436 F. Supp. 3d 550, 560 (E.D.N.Y. 2020) (same).

In her Opposition, Plaintiff asks this Court to treat the new facts alleged therein as an amendment to her Complaint. (Opp. at 1) ("In construing Plaintiff's response, Plaintiff asks that the Court read any new additional facts asserted in this opposition brief as supplementing the operative complaint, as the Court must do with *pro se* litigants."). Plaintiff's request should be rejected. As a preliminary matter, "[t]he law is clear that a complaint cannot be modified by a party's . . . papers filed in response to a dispositive motion to dismiss." *Barshay v. Naithani*, No. 20 CIV. 8579 (KPF), 2023 WL 2051170, at *6 (S.D.N.Y. Feb. 16, 2023) (disregarding factual assertions in plaintiff's affidavit submitted with memoranda of law in opposition to defendant's motion to dismiss, and granting motion to dismiss when proper amendment would be futile); *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) (affirming motion to dismiss when amendments set forth in opposition memoranda to motion to dismiss were improper).

Even if this Court were to permit Plaintiff to amend her Complaint through the Opposition, none of the conclusory new "facts" alleged therein permit her to state a cause of action upon which relief may be granted. As the Second Circuit has determined, leave to amend a pro se complaint will be denied as futile when the deficiencies are "substantive and not the result of inartful pleading." *Biswas v. Rouen*, 808 F. App'x 53, 55 (2d Cir. 2020) (affirming dismissal of *pro se* complaint and denial of leave to amend when amendment was deemed futile). Because Plaintiff's

proposed amendments continue to fail to state a cause of action, her efforts to amend her Complaint must be rejected. *See Seale v. Trs. of Columbia Univ. in N.Y.C.*, No. 22-CV-9717 (JPO), 2023 WL 6276687, at *3 (S.D.N.Y. Sept. 26, 2023) ("[*Pro se* plaintiff] fails to demonstrate that his proposed amendment would cure the deficiencies in his complaint, and thus, fails to show that the amended complaint would withstand a motion to dismiss. The Court therefore denies [] leave to file an amended complaint."); *Thurber v. Finn Acad.*, No. 6:20-CV-06152 EAW, 2021 WL 927627, at *9 (W.D.N.Y. Mar. 11, 2021) (denying *pro se* plaintiff's leave to amend complaint as futile).

## CONCLUSION

For the reasons set forth above and in Defendants' Moving Brief, this Court should grant Defendants' Motion in all respects and provide such other and further relief as this Court deems just and proper.

Dated: New York, New York  
May 1, 2025

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**

By:    ___/s/ Jonathan Stoler_____  
Jonathan Stoler  
30 Rockefeller Plaza  
New York, New York 10112  
Tel.:  (212) 653-8700  
Fax:  (212) 653-8701  
jstoler@sheppardmullin.com  
*Attorneys for Defendants Carolyn Boyd, Rick Criswell, Jonathan Hochwald, Arthur Karpati, Emursive Productions, LLC, and PDNYC, LLC*

## <u>WORD COUNT CERTIFICATION</u>

I, Jonathan Stoler, certify that the foregoing memorandum of law complies with the word-count limitations set forth in Local Civil Rule 7.1(c). According to the word count of the word-processing program used to prepare the memorandum, and exclusive of the portions of it that are excluded by the rule, there are 1,160 words in the document.

<u>*/s/ Jonathan Stoler*</u>
Jonathan Stoler
