UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| D. DUMEBI EGBUFOR,<br><br>               Plaintiff,<br><br>-against-<br><br>CAROLYN BOYD et al.,<br><br>               Defendants. | 24-cv-9779 (AS)<br><br><br>OPINION AND ORDER |

ARUN SUBRAMANIAN, United States District Judge:

Plaintiff D. Dumebi Egbufor worked for four months as a company manager for the show *Sleep No More*, operated by defendants Emursive Productions, LLC and PDNYC, LLC. Acting *pro se*, she brings claims for discrimination, hostile work environment, and retaliation based on race, national origin, and sex under Title VII, Section 1981, ADEA, the NYSHRL, and the NYCHRL, and a claim under the FMLA. For the following reasons, the motion is DENIED in part and GRANTED in part.

*First*, defendants argue, and Egbufor doesn't refute, that because she only worked for defendants for four months, she is not entitled to protections under the FMLA. For that reason, her FMLA claim is dismissed.

*Second,* there is no individual liability under Title VII or the ADEA, so those claims are dismissed as to the individual defendants.

*Third*, there are no plausible allegations in Egbufor's complaint concerning discrimination based on sex or age, and so those claims are dismissed.

*Fourth*, as to Egbufor's claims for discrimination based on race and national origin, for a hostile work environment, and for retaliation due to her complaints of discrimination, there is enough—perhaps just barely enough—to make out a plausible claim for relief.

This by no means signals that Egbufor will prevail on summary judgment. As defendants point out, certain of Egbufor's allegations aren't supported by the documents she attaches to the complaint (e.g., her claim that two prior company managers worked remotely, but the LinkedIn profile attached to the complaint says nothing of the sort). But in general, Egbufor's 60-page complaint says that she was singled out for mistreatment based on her race and national origin and that this relegated her to an inferior status in the workplace, which ultimately contributed to a serious illness that sidelined her, and culminated in Egbufor taking leave, under circumstances that Egbufor says evince further discriminatory and retaliatory intent. To be clear, none of this has been proven, and if discovery is taken in this case, Egbufor will need to come up with admissible evidence to support

the facts in her complaint, which will include disclosure of her texts, Whatsapp messages, and other communications and documents (all of which she is under a continuing duty to preserve).

After defendants file their answer and the parties complete the required mediation, *see* Dkt. 10, they should inform the Court whether the mediation was successful or not, and if not, whether further assistance in mediation is requested from the Court. The Court will then set a schedule for discovery.

In terms of the mediation, while Egbufor's complaint seeks "$1,500,000" in damages, Egbufor should keep in mind the realities of this case. She worked for four months for defendants, her own complaint contains allegations that defendants, at least at times, signaled a real willingness to work with Egbufor, even through her illness, and she was an at-will employee and could have been terminated at any time. To prove her case, Egbufor will need to put together a record of admissible evidence to support her allegations, produce her own documents, and sit for a deposition, and she will face a motion for summary judgment from defendants when all is said and done. Egbufor should keep an open mind and be reasonable about the risks and uncertainties of this case, and approach the mediation with that in mind.

For the foregoing reasons, defendants' motion to dismiss is DENIED in part and GRANTED in part. The Clerk of Court is respectfully directed to close Dkt. 24.

SO ORDERED.

Dated: February 6, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge

2