Sheppard

July 2, 2026

+1.212.653.8184
lstone@sheppard.com

**VIA ECF**

Hon. Arun Subramanian
U.S. District Judge
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St.
New York, NY 10007

Re: *Egbufor v. Boyd, et al.,* No. 1:24-cv-09779-AS

Dear Judge Subramanian:

We represent Defendants Carolyn Boyd, Rick Criswell, Jonathan Hochwald, Arthur Karpati, Emursive Productions, LLC and PDNYC, LLC (collectively, "Defendants") in the above-referenced matter. Defendants respectfully submit this letter pursuant to Rule 11(B) of Your Individual Rules and Practices in Civil Cases to obtain court approval to:

- Maintain under seal portions of Defendants' Memorandum of Law in Support of the Motion to Enforce Settlement (the "Motion") that discuss communications made during and for the mediation process;
- Maintain under seal portions of the Declaration of Lindsay Colvin Stone in support of the Motion (the "Stone Declaration") that discuss communications made during and for the mediation process; and
- Maintain under seal Exhibits A-E to Stone Declaration, which reflect communications made during and for the mediation process.

Good cause exists for the instant letter motion because Rule 2 of this District's Mediation Program Procedures provides that "[a]ny communications made exclusively during or for the mediation process shall be confidential."[1] U.S. District Court for the Southern District of New York Mediation Program, *Mediation Program Procedures* (July 1, 2026), *available at* https://www.nysd.uscourts.gov/sites/default/files/2026-07/Mediation%20%Program%20Procedures.7.1.26.pdf. In this Circuit, the presumption of public access to pleadings may be outweighed by competing considerations. *See Junsub Shim v. Luxury Asset Cap., LLC*, No. 1:24-cv-09738-JPC, 2025 WL 88041, at *1-2 (S.D.N.Y., Jan. 8, 2025) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d

[1] The same rule provides that "[t]he parties may disclose to *the Court* the terms of settlement if either party seeks to enforce those terms." (emphasis added).

Cir. 2006)). Neither Plaintiff nor the mediator have expressed any objection to filing the foregoing materials under seal.

Accordingly, Defendants respectfully request that the Court grant the instant letter motion for approval to maintain the redacted portions of Defendants' Memorandum of Law in support of the Motion and Exhibits A-E to the Stone Declaration under seal.

We thank Your Honor for your time and attention to this matter.

Respectfully submitted,

Lindsay Colvin Stone

Lindsay Colvin Stone
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

GRANTED.

SO ORDERED.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 43.

Arun Subramanian, U.S.D.J.
Date: July 8, 2026