UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

D. DUMEBI EGBUFOR,

Plaintiff,

-against-

CAROLYN BOYD et al.,

Defendants.

24-CV-9779 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

A mediation conference took place in this case on June 23, 2026. For purposes of the mediation, Ms. Egbufor was represented by appointed pro bono counsel Susanne Toes Keane and Fatima Oedraogo. During mediation, defendants made a settlement offer involving a $25,000 payment, which Ms. Egbufor accepted. The mediator then suggested the parties memorialize their oral settlement agreement and prepared a written "Agreement on Material Terms of Settlement," ("Agreement"), which counsel for defendants and Ms. Egbufor reviewed and revised to "ensure that the parties' oral agreement was adequately captured" and "the parties were on the same page with respect to what the forthcoming settlement agreement would contain." Defendants signed the revised agreement the same day, but Ms. Egbufor did not. Ms. Keane later informed defense counsel that Ms. Egbufor "had reconsidered the terms" that had been previously discussed and would only settle if the payment was increased to $50,000. Defendants moved to enforce the settlement.

Defendants' motion to enforce the settlement is granted in full. "A settlement agreement is a contract that is interpreted according to general principles of contract law. Once entered into, the contract is binding and conclusive." *Powell v. Omnicom*, 497 F.3d 124, 128 (2d Cir. 2007). In addition, "[p]arties may enter into a binding contract orally, and the intention to commit an agreement to writing . . . will not prevent contract formation." *Id.* at 129. "[A]bsent a party's expressed intent not to be bound without a signed writing, oral settlement agreements are enforceable." *Grullon v. Sodexo*, 2025 WL 106120, at *1 (S.D.N.Y. Jan. 15, 2025). And courts in this circuit look to four factors when considering the intent of the parties: "(1) whether there has been an express reservation of the right not to be bound in the absence of a writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and (4) whether the agreement at issue is the type of contract that is usually committed to writing." *Winston v. Mediafare Ent. Corp.*, 777 F.2d 78, 80 (2d Cir. 1985).

Here, Ms. Egbufor does not contest that she agreed to a settlement involving a $25,000 payment. And consideration of the *Winston* factors indicates that the parties intended to form a binding contract. There was no express reservation of a right not to be bound in the absence of a writing. The mediator, defendants, and plaintiff's counsel all relied on the oral agreement in drafting and finalizing the Agreement, and in preparing the formal settlement agreement. *Cf. Jackson v. Heidelberg L.L.C.*, 2006 WL 8446399, at *3 (W.D.N.Y. Sept. 19, 2006), *aff'd,* 296 F.

App'x 102 (2d Cir. 2008) (determining there was "partial performance of the settlement agreement" under the *Winston* factors when "defense counsel has drafted the settlement documents and delivered same to plaintiff for execution"). There were no material terms remaining to be negotiated. And the settlement terms were simple. *See Est. of Andrea Brannon v. City of New York*, 2016 WL 1047078, at *3 (S.D.N.Y. Mar. 10, 2016) (fourth *Winston* prong "focuses on whether the settlement terms are sufficiently complex or involve long time periods such that there should be a formal writing" and a lump-sum payment was "not sufficiently complex such that there should be a formal writing" (cleaned up)); *accord Grullon*, 2025 WL 106120, at *3 ("[B]ecause the settlement terms were simple, calling for a single lump sum payment, there is no indication that this is the type of contract usually committed to writing").

As a result, the oral agreement is binding. Ms. Egbufor reports dissatisfaction over the mediation process, including feeling "left in the dark over some highly important issues" because "[e]veryone was busy talking at [her]." Dkt. 50 at 2. But she does not suggest that she did not understand or agree to the terms of the settlement agreement that were reached. Nor did she raise her concerns during the mediation, in which she was represented by Ms. Keane and Ms. Oedraogo. Her decision "*after* reading and reviewing the" Agreement that "what was proposed was not justice" cannot unwind the binding contract created by the oral settlement agreement. *Id.* at 3 (emphasis added).

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 44.

SO ORDERED.

Dated: October 6, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge