October 14, 2026

**VIA ECF**

Hon. Arun Subramanian
U.S. District Judge
U.S. District Court for the Southern District of New York Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St.
New York, NY 10007

**Re: Case and Time Sensitive Reply to Defendants Response on Enforcing Settlement in the Case of Egbufor v. Boyd, et al., No. 1:24-cv-09779-AS**

Dear Judge Subramanian:

Your Honor, Sir, please accept this letter as my Reply to the Defendants' Response letter, filed today, October 14, 2026. Principally in their letter, Sir, the Defendants have misconstrued my statements and have repeatedly expressed inaccurate information to try to right their wrong. Seeing this, herein recounts, the salient facts of this matter as a basis for my plea to have this case either remediated by the Court, or to go before my peers for a summary trial judgment.

1. On the issue of Lindsay Stone's sudden partaking in mediation, which occurred before she even filed an appearance with your Court, Sir, Ms. Stone's statement about my knowing for weeks that she would be participating in mediation as representative for the Defendants is untrue.
2. Even my appointed principal counsel stated to me when seeing Ms. Stone at mediation, that she was shocked to see her, as Ms. Stone had not been visibly involved in any element of this case and legal proceedings.
3. Further on this matter of her appearance and representation, Your Honor, Sir, seeing that Ms. Stone did not take the time to file the appropriate Notice of Appearance, prior to participating in mediation for this case, all of Ms. Stone's existing filings and motions should be viewed by this Court as unofficial and considered null and void.

4. Every concern and apprehension germane to this case that I felt and described in my October 7, 2026 appeal letter to you Sir, was equally expressed verbally to my appointed counsel and co-counsel.
5. These were not just "assumptions" as Defendants are trying to depict. But actually expressed verbal concerns that I shared with my appointed counsel and co-counsel. I also shared with them how emotionally distressing the mediation session was going for me.
6. In response to my questions about the draft agreement and mediation session as a whole, specifically, when I asked - not assumed in my mind, but audibly voiced from my mouth: Can additional mediation sessions for my case be scheduled and can we come back to the table for reconsideration and renegotiation? As I stated in my appeal letter, Sir, my appointed co-counsel, Ms. Fatima Oedraogo responded just as audibly with her voice, which also assured me that: "Yes," reconsideration and renegotiation of the terms were possible, as coming back to the table "has happened in other cases," including that "some employers have even come back with higher settlement amounts."
7. These statements and assurances from my appointed counsel, Your Honor, Sir, made it very clear to me that the terms of the settlement were not final, but in draft form for first consideration.
8. Moreover, this is also why I informed my appointed principal counsel, Ms. Susanne Toes Keane that I would not sign an agreement that I had not reviewed, which is what I proceeded to do and actually did.
9. All in all, I was under the logical impression based on the information from my appointed co-counsel and steps universal to negotiations, that there was still time for me to review and renegotiate the terms.
10. At no such time, Your Honor, Sir, did my appointed counsel, Ms. Toes Keane and Ms. Oedraogo, or the assigned mediator, Mr. Joseph Saltarelli state to me that the agreement was final, or that reconsiderations and renegotiations would not be permitted.
11. In fact, if this is true to this process, that reconsiderations and renegotiations of agreements are not permitted in mediation cases, than Your Honor, Sir, my appointed counsel gave me false information, and I was misguided and misled.
12. Added to this, if I had known this was the final agreement without any opportunity for reconsideration and renegotiation, Your Honor, Sir, I honestly would have ended mediation and returned back to the Court to report that we had reached an impasse.
13. Given that I was not privy to discussions that were held in breakout rooms during the mediation between my appointed counsel, Ms. Toes Keane, the mediator, Mr. Saltarelli and counsel for the Defendants, Ms. Stone, I can't actually state what Ms. Toes Keane, communicated to them.
14. It's also worth noting here that my former boss, Defendant Jonathan Hochwald, was present at the mediation, as well with Ms. Stone.

15. Based on the Defendants letter today, however, if Ms. Toes Keane did in fact state to them that I was in full and total agreement of the draft settlement terms, then Your Honor, Sir, Ms. Toes Keane completely misrepresented and miscommunicated my position.
16. Defendants are trying to emphasize that in my not signing the agreement (an agreement I never fully agreed to sign in the first place), that my only concern was the settlement amount.
17. While the settlement amount and payout plan were concerns, Your Honor, Sir, there were other issues in the draft agreement that I noted for change and reconsideration as well.
18. Because I understood from my appointed co-counsel that we could come back to the table for reconsideration and renegotiation of the draft agreement, my intention was to first address the draft settlement amount, then I was planning on discussing other areas of the draft agreement I wished to have reconsidered and renegotiated.
19. Lastly, Your Honor, Sir, as was stated in my appeal letter, and recognized in Defendants' letter today by Ms. Stone, my appointed counsel, Ms. Toes Keane read the draft agreement to me aloud during the mediation session.
20. I, however, never stated or read back to her that I agreed with the terms.

To this end and from the foregoing, Your Honor, Sir, I plead and pray that you will deny Defendants Motion to enforce settlement. Please, Sir, based on the above circumstances surrounding the mediation, please, grant me a summary jury trial of my peers as I initially requested when filing this case, or please reappoint the Court to remediate my case, so that justice for me, can finally be achieved.

Thank you sincerely Your Honor, Sir for your time, attention and consideration.

Respectfully,



D. Dumebi Egbufor
46-28 Vernon Blvd., Unit 217
Long Island City, NY 11101
ddumebiegbufor@gmail.com