UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

D. DUMEBI EGBUFOR,

Plaintiff,

-against-

CAROLYN BOYD et al.,

Defendants.

24-cv-9779 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

Defendants brought a motion to enforce the settlement they allege was reached during a mediation conference on June 23, 2026. Dkt. 44. After defendants made an offer involving a $25,000 payment, Susanne Toes Keane—Ms. Egbufor's appointed pro bono counsel for purposes of the mediation—informed them that Ms. Egbufor had accepted the offer. However, Ms. Egbufor contends that she never agreed to the settlement at all.[1] She alleges that she agreed only to review defendants' offer, and Ms. Keane therefore acted without authorization in accepting the offer on her behalf.

Defendants argue that regardless of whether Ms. Egbufor herself intended to settle, her counsel had apparent authority to settle on her behalf, so the settlement must be upheld. "Essential to the creation of apparent authority are words or conduct of the principal, communicated to a third party, that give rise to the appearance and belief that the agent possesses authority to enter into a transaction. We may therefore find apparent authority where the principal remained silent when he had the opportunity of speaking and *when he knew or ought to have known that his silence would be relied upon*." *Hillair Cap. Invs., LP v. Smith Sys. Transp., Inc.*, 640 F. App'x 49, 52 (2d Cir. 2016) (emphasis added). However, on Ms. Egbufor's telling, her counsel assured her that additional mediation sessions could be scheduled for "reconsideration and renegotiation," and the terms defendants had offered were therefore "not final, but in draft form for first consideration." Dkt. 63 at 2. If her allegations are to be credited, Ms. Egbufor did not know, nor did she have reason to know, that her conduct would be interpreted by defendants as agreement to their settlement offer.

Ultimately, "the decision to settle a case rests with the client, and although we presume that an attorney-of-record has authority to settle a case, this is a rebuttable presumption." *Gomez v. City*

[1] Ms. Egbufor did not raise these contentions in her original opposition to defendants' motion to enforce the settlement, but in a later letter which the Court construed as a motion for reconsideration. Dkts. 60, 61. Reconsideration is committed to "the sound discretion of the district court," and generally considered "an extraordinary remedy." *U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*, 352 F. Supp. 3d 242, 246 (S.D.N.Y. 2019). The Court exercises its discretion to permit reconsideration in light of Ms. Egbufor's pro se status and her claim that she did not originally raise these contentions in part due to representations made by her appointed counsel regarding the confidentiality requirements of mediation, especially as Ms. Egbufor's argument turns on alleged misrepresentations made by her appointed counsel during the mediation session. *See* Dkt. 60 at 1.

*of New York*, 805 F.3d 419, 421 (2d Cir. 2015). In *Gomez*, the Second Circuit held that where a client's motion "raised a factual dispute concerning his attorney's authority to stipulate to a dismissal of his claims . . . it was necessary to hold an evidentiary hearing to address this dispute." *Id*.

Ms. Egbufor's letters raise a factual dispute concerning whether Ms. Keane had authority to agree to defendants' settlement offer on her behalf. In her telling, Ms. Egbufor never agreed to defendants' settlement offer, and was expressly told by her counsel that further negotiation was possible. On the record presented, the Court is not in a position to decide whether to credit these allegations. *See Gomez*, 805 F.3d at 424 ("[I]n circumstances where a former attorney and his client dispute the giving of authority, courts generally require the holding of an evidentiary hearing on the question of authorization.") (cleaned up).

The parties, as well as Ms. Egbufor's counsel for the June 23, 2026 mediation session, Susanne Toes Keane and Fatima Oedraogo, are therefore ORDERED to appear for an evidentiary hearing in Courtroom 15A of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, NY 10007, at **2 pm on November 4, 2026**. Should the Court decline to enforce the settlement purportedly reached at the June 23, 2026, mediation conference, the parties should be prepared for a settlement conference with the Court at that time.

SO ORDERED.

Dated: October 21, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge